1   ANTHONY J. DECRISTOFORO (SB #166171)
    aj.decristoforo@stoel.com
2   BRYAN L. HAWKINS (SB #238346)
    bryan.hawkins@stoel.com
3   STOEL RIVES LLP
    500 Capitol Mall, Suite 1600
4   Sacramento, CA  95814
    Telephone:  (916) 447-0700
5   Facsimile:  (916) 447-4781

6   Attorneys for Defendants
    TNG GP, a Delaware General Partnership; THE
7   NEWS GROUP, INC., a Delaware Corporation;
    SELECT MEDIA SERVICES, L.L.C., a Delaware
8   Limited Liability Company

9              UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF CALIFORNIA

11  | JEANNETTE COOKS, an individual; and | Case No. |
    | ALWENA FRAZIER, an individual; for | |

12  themselves and on behalf of all others similarly   **DEFENDANTS' NOTICE OF**
    situated,                                          **REMOVAL**

13
                                                       (Solano County Superior Court, Case No.
14                 Plaintiffs,                         FCS046906)

                   v.                                  Action Filed:        April 14, 2016
15
    TNG GP, a Delaware General Partnership;
16  THE NEWS GROUP, INC., a Delaware
    Corporation; SELECT MEDIA SERVICES,
17  L.L.C., a Delaware Limited Liability Company,
    and DOES 1 through 10, inclusive,
18
19                 Defendants.

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

21  DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF

22  RECORD:

23          PLEASE TAKE NOTICE that Defendants TNG GP, a Delaware General Partnership

24  ("TNG"), THE NEWS GROUP, INC., a Delaware Corporation ("The News Group"), and

25  SELECT MEDIA SERVICES, L.L.C., a Delaware Limited Liability Company ("Select Media

26  Services") (collectively, "Defendants") hereby remove the above captioned action from the

27  Superior Court of the State of California for the County of Solano, to the United States District

28  Court for the Eastern District of California, Sacramento Division, pursuant to the Class Action

Case 2:16-cv-01160-KJM-AC   Document 1   Filed 05/27/16   Page 2 of 37

Fairness Act ("CAFA") 28 U.S.C. §§ 1332(d), 1441 and 1446.  Defendants' Notice of Removal is based on the following:

### Background

1.     On April 14, 2016, Plaintiffs Jeanette Cooks and Alwena Frazier (collectively, "Plaintiffs") filed an unverified class action complaint in the Superior Court of California, County of Solana, entitled *Jeanette Cooks and Alwena Frazier, on behalf of themselves and on behalf of all other similarly situated vs. TNG GP, a Delaware General Partnership; et al.*, Case No. FCS046906 ("State Court Action").  Plaintiffs' Complaint asserts the following causes of action: (1) Failure to Pay Hourly Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Reimburse for Business Expenses; (4) Failure to Provide Accurate Itemized Wage Statements; (5) Failure to Timely Pay All Wages Due at Separation of Employment; and (6) Violation of California Business and Professions Code sections 17200, *et seq*.  In the Complaint, Plaintiffs pray for the following relief:  unpaid hourly wages, unpaid overtime wages, reimbursement of business expenses, waiting time penalties under California Labor Code sections 201-203, liquidated damages under California Labor Code 1194.2, penalties, restitution, and liquidated damages under California Labor Code section 1197.1, penalties pursuant to California Labor Code section 558, "state statutory penalties," interest, and attorneys' fees and costs, including expert fees and fees under California Labor Code sections 218.5, 22, 1021.5, 1194, and 2802.

### Timeliness of Removal

2.     Defendants The News Group and Select Media Services were served with the Complaint, Summons, Civil Case Cover Sheet, and related documents on April 27, 2016.  Copies of these documents are attached as Exhibit "A."  Defendant TNG has not yet been served.  All three defendants filed an Answer to the Complaint in Solano County Superior Court on May 26, 2016.

3.     This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of purported service upon Defendants.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30 day deadline to remove commences upon service of the summons and complaint).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF REMOVAL                    -2-

86660518.3 0030244-00023

## Removal Jurisdiction Pursuant to the Class Action Fairness Act

4.      This Court has original jurisdiction under 28 U.S.C. § 1332(d) and 1453 ("CAFA"), and all other applicable bases for removal.

5.      This action has not previously been removed to federal court.

6.      Under CAFA, this Court has jurisdiction over class actions in which any member of the class is a citizen of a state different from any defendant, in which the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2) – (6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

## Diversity

7.      Plaintiffs' Citizenship. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Based on the allegations in the Complaint, Defendants allege that Plaintiffs are and were at all relevant times citizens and residents of the State of California. Exhibit A (Complaint), ¶¶ 4-5.

8.      Defendants' Citizenship.

a. TNG

Defendant TNG is a Delaware general partnership with its principal place of business in Atlanta, Georgia. In determining the citizenship of a partnership, the Court looks to the citizenship of the individual partners. *See Schnabel v. Lui*, 302 F.3d 1023, 1030, n. 3 (9th Cir. 2002) ("a partnership is a citizen of every state of which its partners are citizens"). Defendant TNG's partners are Great Pacific News Company, Inc., a Delaware corporation ("Great Pacific"), Select Media Services, Alaska News, Inc., an Alaska corporation ("Alaska News"), Prologix Distribution Services (East), a Delaware limited liability company ("Prologix East"), Prologix Distribution Services (West), a Delaware limited liability company ("Prologix West"), and Great Atlantic News, a Delaware limited liability company ("Great Atlantic").

1    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any

2  State by which it has been incorporated and of the State where it has its principal place of

3  business..."  Great Pacific is now, and ever since this action commenced has been, incorporated

4  under the laws of the State of Delaware, with its principal place of business in Seattle,

5  Washington.  As such, Great Pacific is a citizen of Delaware and Washington.

6    Select Media Services is a Delaware limited liability company with its principal place of

7  business in Atlanta, Georgia.  The citizenship of a limited liability company for diversity

8  purposes is determined by examining the citizenship of each member of the company.  *Johnson v.*

9  *Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Select Media Services'

10  sole member is TNG Holdings, Inc. ("TNG Holdings").  TNG Holdings is a New York

11  corporation with its principal place of business in Atlanta, Georgia.  As such, Select Media

12  Services is a citizen of New York and Georgia.

13    Alaska News is now, and ever since this action commenced has been, incorporated under

14  the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska.  As

15  such Alaska News is a citizen of Alaska.

16    Prologix East is a Delaware limited liability company with its principal place of business

17  in Atlanta, Georgia.  Prologix East's sole member is TNG Holdings, which is a citizen of New

18  York and Georgia.  As such, Prologix East is a citizen of New York and Georgia.

19    Prologix West is a Delaware limited liability company with its principal place of business

20  in Seattle, Washington.  Its sole member is TNG Holdings, which is a citizen of New York and

21  Georgia.  As such, Prologix West is a citizen of New York and Georgia.

22    Great Atlantic is a Delaware limited liability company with its principal place of business

23  in Atlanta, Georgia.  Great Atlantic's sole member is TNG Holdings, which is citizen of New

24  York and Georgia.  As such, Great Atlantic is a citizen of New York and Georgia.

25    For these reasons, TNG is a citizen of the States of Delaware, Washington, New York,

26  Alaska, and Georgia.

27  ////

28  ////

1          b.   The News Group

2          Defendant The News Group is a Delaware corporation.  The News Group is now, and

3    ever since this action commenced has been, incorporated under the laws of the State of Delaware,

4    with its principal place of business in Atlanta, Georgia.  As such, The News Group is a citizen of

5    Delaware and Georgia.

6          c.   Select Media Services

7          Defendant Select Media Services is a citizen of New York and Georgia as stated above.

8          9.    Doe Defendants.  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

9    unknown defendants should be disregarded for purposes of establishing removal jurisdiction

10    under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)

11    (unnamed defendants are not required to join in a removal petition).  Thus, the existence of DOE

12    defendants in this case does not deprive this court of jurisdiction.

13          10.    Accordingly, pursuant to 28 U.S.C. § 1332(c), Plaintiffs and Defendants have

14    diverse citizenship.

15                        **Amount in Controversy**

16          11.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of

17    interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members

18    in a class action are aggregated to determine if the amount in controversy exceeds the sum or

19    value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal

20    jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds

21    $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and

22    regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."

23    Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005

24    U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also

25    makes clear that any doubts regarding the maintenance of interstate class actions in state or

26    federal court should be resolved in favor of federal jurisdiction.  *Id* at 42-3 ("if a federal court is

27    uncertain about whether 'all matters in controversy' in a purported class action 'do not in the

28    aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF REMOVAL                    -5-

86660518.3 0030244-00023

1   jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially

2   federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong

3   preference that interstate class actions should be heard in a federal court if properly removed by

4   any defendant.").

5        12.    In this case, Plaintiffs did not allege the amount in controversy.  An action may be

6   removed if the defendant establishes, by a preponderance of the evidence, that the amount in

7   controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.,* 506 F.3d

8   696, 699 (9th Cir. 2007).  To establish by a preponderance of the evidence that the amount in

9   controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely

10   than not" that the amount in controversy exceeds that amount.  *Sanchez v. Monumental Life Ins.*

11   *Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

12        13.    The burden of establishing the jurisdictional threshold "is not daunting, as courts

13   recognize that under this standard, a removing defendant is not obligated to research, state, and

14   prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d

15   1199, 1204-05 (E.D. Cal. 2008); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

16   Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred

17   percent accuracy").

18        14.    It is well-settled that "the court must accept as true plaintiff's allegations as plead

19   in the Complaint and assume that plaintiff will prove liability and recover the damages alleged."

20   *Muniz v. Pilot Travel Ctrs., LLC*, No. CIV S-07-0325 FCD EFB, 2007 WL 1302504, at * 3 (E.D.

21   Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California

22   Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage

23   statements, and waiting-time penalties).

24        15.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the

25   removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372

26   F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975,

27   981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies

28   even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods*

*Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

16.     If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1032504, at * 4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14-CV-03339, LHK, 2014 WL 6982571, at * 4 (N.D. Cal. Dec. 9, 2014) ("District Courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy - such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation - when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

17.     In determining the amount in controversy the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Acc. & Ind. Co.,* 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

////

18.     Plaintiffs purport to bring this action pursuant to California Code of Civil Procedure section 382 as a class action, and seek class certification on behalf of a class that includes Plaintiffs and all other present and former employees who have worked for Defendants as merchandisers in California from any time from four years prior to the filing of the Complaint through such time as the action is pending. Exhibit A (Complaint), ¶ 17.

19.     Based on this class definition, the putative class consists of 1,877 former employees and 945 current employees, for a total class size of 2,822 individuals. The average hourly rate of pay for these individuals is approximately $10.28 per hour during the proposed class period. During the proposed class period, approximately 74,775 paychecks were issued to the total class.

20.     As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000. All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.

21.     Plaintiffs' **First Cause of Action** alleges that Defendants willfully failed to pay Plaintiffs and members of the class their regular wages and/or other compensation. Plaintiffs seek to recover these amounts, plus interest, attorneys' fees and costs on behalf of themselves and members of the class. Exhibit A (Complaint), ¶ 28.

22.     The statute of limitations for unpaid wage claims pursuant to Labor Code section 204 is three years. *See* Cal. Code Civ. Proc. 338(a). Plaintiffs' sixth cause of action, however, alleges that Defendants' failure to pay wages is an unfair business practice for which Plaintiffs seek restitution. Exhibit A (Complaint), ¶¶ 47-48. The relevant period for their restitution claim for unpaid wages is the four-year statute of limitations for unfair business practice claims. Cal. Bus. & Prof. Code § 17208. Thus, for determining the amount in controversy, the four-year statute of limitations applies.

23.     Plaintiffs are silent as to the amount of alleged unpaid wages they claim to have been denied, thereby precluding precise estimates of the amount in controversy. *See Muniz*, 2007 WL 1302504, at * 4. Plaintiffs, however, do allege that Defendants had a global and uniform

1   policy of requiring merchandisers to clock out when driving between locations and not paying

2   them for this time.  Exhibit A (Complaint), ¶ 15.  Although Defendants deny that Plaintiffs (or

3   any putative class members) are entitled to any unpaid wages, conservatively assuming 1 hour of

4   alleged unpaid wages per 2-week pay period for each putative class member, the amount in

5   controversy would be approximately **$768,687.00** (74,775 total checks issued during the class

6   period x ($10.28 per hour) x 1 hour unpaid wages per check).  This estimated amount is

7   reasonable and conservative.  *See Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR,

8   2012 WL 699465, at * 5 (N.D. Cal. March 1, 2012) ("Where, as here, the allegations are that

9   class members were not compensated for overtime and were denied meal and rest breaks at "all

10  material times" based on a "uniform policy and systematic scheme" to deprive them of these

11  rights, it is reasonable to assume **one violation per week**.") (emphasis added); *Molina v. Pacer*

12  *Cartage, Inc.*, 47 F.Supp.3d 1061, 1066 (S.D. Cal. 2014) (finding that an assumption of three

13  hours of overtime per week is a conservative estimate); *Ray v. Wells Fargo Bank, N.A.*, No. CV

14  11-01477 AHM (JCx), 2011 WL 1790123, *7 (C.D. Cal. May 9, 2011) (holding that allegation of

15  "consistent" overtime work justified defendant's assumption that each class member was entitled

16  to one hour of overtime per week); *Giannini v. Northwestern Mutual Life Insurance Co.*, No. C

17  12-77 CW, 2012 WL 1535196, * 3 (N.D. Cal. April 30, 2012) (finding one hour of overtime per

18  workweek to be a reasonable assumption); *Patel v. Nike Retail Services, Inc.*, 58 F.Supp.3d 1032,

19  1042 (N.D. Cal. 2014) (same); *Wilson v. Best Buy Co.*, No. 2:10-cv-31360GEB-KJN, 2011 WL

20  445848, * 2 (E.D. Cal. Feb. 8, 2011) (same).

21       24.    Plaintiffs' **Second Cause of Action** alleges that Defendants willfully violated

22  California Labor Code sections 510 and 1194, and IWC Wage Order 7-2001 by "failing to

23  compensate merchandisers for all time communicating with Defendants by email and phone to

24  receive and respond to assignments, completing surveys, and driving between assignments at the

25  overtime rate of pay for shifts that exceed eight (8) hours in a day and/or forty (40) in a week and

26  the double-time rate of pay for shifts that exceed twelve (12) hours in a day . . ."  Exhibit A

27  (Complaint), ¶ 31.  Plaintiffs seek to recover these amounts, plus interest, attorneys' fees and

28  costs on behalf of themselves and members of the class.  *Id.*

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

86660518.3 0030244-00023

25.     The statute of limitations for overtime claims pursuant to Labor Code section 1194 is three years.  *See* Cal. Code Civ. Proc. 338(a).  Plaintiffs' sixth cause of action, however, alleges that Defendants' failure to pay overtime wages is an unfair business practice for which Plaintiffs seek restitution.  Exhibit A (Complaint), ¶¶ 47-48.  The relevant period for their restitution claim for unpaid overtime is the four-year statute of limitations for unfair business practice claims.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

26.     Plaintiffs are silent as to the amount of alleged overtime they claim to have worked, thereby precluding precise estimates of the amount in controversy.  *See Muniz*, 2007 WL 1302504, at * 4.  Plaintiffs, however, do allege that Defendants had a global and uniform policy of requiring merchandisers to clock out when driving between locations and not paying them for this time.  Exhibit A (Complaint), ¶ 15.  Although Defendants deny that Plaintiffs (or any putative class members) are entitled to any overtime payments, conservatively assuming 1 hour of alleged unpaid overtime per 2-week pay period for each putative class member, the amount in controversy would be approximately **$1,153,030.50** (74,775 total checks issued during the class period x ($10.28 per hour x 1.5) x 1 hour OT per check).  This estimated amount is reasonable and conservative.  *See Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at * 5 (N.D. Cal. March 1, 2012) ("Where, as here, the allegations are that class members were not compensated for overtime and were denied meal and rest breaks at "all material times" based on a "uniform policy and systematic scheme" to deprive them of these rights, it is reasonable to assume one violation per week."); *Molina v. Pacer Cartage, Inc.*, 47 F.Supp.3d 1061, 1066 (S.D. Cal. 2014) (finding that an assumption of three hours of overtime per week is a conservative estimate); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM (JCx), 2011 WL 1790123, *7 (C.D. Cal. May 9, 2011) (holding that allegation of "consistent" overtime work justified defendant's assumption that each class member was entitled to one hour of overtime per week); *Giannini v. Northwestern Mutual Life Insurance Co.*, No. C 12-77 CW, 2012 WL 1535196, * 3 (N.D. Cal. April 30, 2012) (finding one hour of overtime per workweek to be a reasonable assumption); *Patel v. Nike Retail Services, Inc.*, 58 F.Supp.3d 1032, 1042 (N.D. Cal.

1   2014) (same); *Wilson v. Best Buy Co.*, No. 2:10-cv-31360GEB-KJN, 2011 WL 445848, * 2 (E.D.

2   Cal. Feb. 8, 2011) (same).

3       27.   Plaintiffs' **Third Cause of Action** alleges that Defendants failed to reimburse

4   Plaintiffs and members of the class for business expenses.  Plaintiffs seek to recover

5   unreimbursed expenses, plus interest, attorneys' fees and costs on behalf of themselves and

6   members of the class.  Exhibit A (Complaint), ¶ 35.

7       28.   Plaintiffs' **Fourth Cause of Action** alleges that Defendants failed to provide wage

8   statements to Plaintiffs and members of the class that accurately set forth all hours worked and all

9   wages earned during each pay period.  For this cause of action, Plaintiffs seek to recover on

10  behalf of themselves and members of the class "the amount provided under Labor Code section

11  226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period

12  in which a violation occurs and one hundred dollars ($100) per employee for each violation in a

13  subsequent pay period, to a maximum of $4,000 per employee."  Exhibit A (Complaint), ¶ 39.

14      29.   California Labor Code section 226(e) provides a minimum penalty of $50 for the

15  initial violation as to each employee, and $100 for each further violation as to each employee, up

16  to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of

17  penalties under Section 226(e) is one year.  Cal. Civ. Proc. Code § 340(a).

18      30.   Members of the putative class are paid every two weeks.  Accordingly, there are

19  26 pay periods per year.

20      31.   During the statute of limitations period for the wage statement claim, there were

21  1,650 potential class members employed by Defendants who, according to Plaintiffs, failed to

22  receive accurate wage statements.  Thus, the amount in controversy for this claim is

23  **$2,720,600.00** ((1,650 employees x $50 penalty for initial violation[1]) + (26,381[2] x $100 penalty

24  for subsequent pay periods[3])).  *See Mejia*, 2015 WL 2452755, at * 5 ("It is not unreasonable to

25

26

---

27  [1] This equals the amount of $82,500.00.
    [2] This equals the number of subsequent pay periods worked from April 14, 2015 through

28  April 19, 2016.
    [3] This equals the amount of $2,638,100.00.

1   assume that, with this many violations alleged, every one of the wage statements issued during

2   the class period could potentially have been noncompliant.").

3        32.    Plaintiffs' **Fifth Cause of Action** alleges that Defendants willfully failed to pay

4   Plaintiffs and members of the class at the termination of their employment all of their earned

5   wages owed for work performed.  For this cause of action, Plaintiffs seek on behalf of members

6   of the class who have left Defendants' employ, "up to thirty day's wages as a penalty under labor

7   Code section 203, in the amounts to be determined at trial, plus interest, and attorneys' fees and

8   costs."  Exhibit A (Complaint), ¶ 45.

9        33.    California Labor Code section 203(a) provides that, "if an employer willfully fails

10   to pay . . . any wage of an employee who is discharged or who quits, the wages of the employee

11   shall continue as a penalty" from the date such wages were due until the date paid.  However,

12   Labor Code section 203(a) provides that such wages "shall not continue for more than 30 days."

13        34.    The alleged limitations period for potential claims under Labor Code section 203

14   would be from April 14, 2013 (three years before the Complaint was filed) to the present.  *See*

15   *Pineda v. Bank of America, N.A.*, 50 Cal.4th 1389, 1401 (2010).  From April 14, 2013 to the

16   present, there are approximately 1,660 former hourly-paid or non-exempt employees who worked

17   in California.

18        35.    Based on the allegations in the Complaint that Defendants willfully failed to pay

19   the wages of their former employees, it can be assumed that all members of the subclass have a

20   claim for waiting time penalties.  *See Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK

21   (JCx), 2015 WL 2452755, at * 6 (C.D. Cal. May 21, 2015) (finding that it is not unreasonable to

22   assume a 100% violation rate at the maximum penalty of 30 days at 8 hours because it is

23   reasonable to assume a 100% violation rate); *Deaver v. BBVA Compass Consulting & Benefits,*

24   *Inc.*, No. 13-CV-00222-JSC, 2014 WL 2199645, at * 8 (N.D. Cal. May 27, 2014) (finding that

25   "[s]ince Plaintiff alleges that each and every class member worked off the clock, all members of

26   the subclass have a claim for waiting time penalties for the full 30 days.")

27   ////

28   ////

Case 2:16-cv-01160-KJM-AC   Document 1   Filed 05/27/16   Page 13 of 37

36.     Assuming that that 1,660 former employees are owed for the maximum penalty of 30 days' wages, and conservatively assuming a 4-hour versus an 8-hour work day, the alleged amount in controversy for just the claim for waiting time penalties is **$2,047,776.00**[4] (1,660 former employees x 4 hours per day x 30 days x $10.28 per hour).

37.     Plaintiffs' **Sixth Cause of Action** alleges that Defendants' "failure to pay hourly and overtime wages, reimburse for all business expenses under Labor Code section 2802, and timely pay all wages at termination constitutes unlawful activities, acts and practices prohibited by Business and Professions Code sections 17200, *et seq.*" Exhibit A (Complaint), ¶ 47. Plaintiffs also allege that these acts "constitute false, unfair, fraudulent, and deceptive business practices, within the meaning of Business and Professions Code sections 17200, *et seq.*" *Id.* For this cause of action, Plaintiffs seek on behalf of themselves and members of the class, among other things, restitution for all wages and payments unlawfully withheld during the four year period prior to the filing of the Complaint. *Id.* at ¶ 48.

38.     In addition to the above-stated causes of action, Plaintiffs are also seeking penalties under California Labor Code section 1197, *et seq.* and section 558. Exhibit A (Complaint), ¶ 22(h), Prayer at ¶¶ I, J. They also seek liquidated damages under California Labor Code section 1194.2. Exhibit A (Complaint), Prayer at ¶ H.

39.     California Labor Code section 1197.1 governs wage and hour violations and provides a minimum penalty of $100 for the initial violation as to each employee, and $250 for each further violation as to each employee. The statute of limitations for recovery of penalties under Labor Code section 1197.1 is one year. Cal. Civ. Proc. Code § 340(a). During the statute of limitations period, there were 1,650 potential class members employed by Defendants. Thus, the amount in controversy for this claim is **$6,760,250.00** ((1,650 employees x $100 penalty for initial violation[5]) + (26,381[6] x $250 penalty for subsequent pay periods[7])).

---

[4] Assuming an 8-hour work day increases this amount to **$4,095,552.00**.
[5] This equals an amount of $165,000.00.
[6] This equals the number of subsequent pay periods worked from April 14, 2015 through April 19, 2016.
[7] This equals an amount of $6,595,250.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO
86660518.3 0030244-00023

40.     California Labor Code section 1194.2 provides for the recovery of liquidated damages for any violation of Labor Code sections 98, 1193.6, 1194, or 1197.1 in "an amount equal to the wages unlawfully unpaid and interest thereon."

41.     California Labor Code section 558 provides for penalties for any violation "of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission . . ."  Specifically, it provides a minimum penalty of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee.  The statute of limitations for recovery of penalties under Section 558 is one year.  *See Yadira v. Fernandez*, No. C-08-0571 RMW, 2011 WL 2434043, at * 5 (N.D. Cal. June 14, 2011).  In addition, Section 558(c) provides that "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."  During the statute of limitations period applicable to the recovery of penalties under Section 558, there were 1,650 potential class members employed by Defendants.  Thus, the amount in controversy for this claim is **$2,720,600.00** ((1,650 employees x $50 penalty for initial violation[8]) + (26,381[9] x $100 penalty for subsequent pay periods[10])).  *See Arreola v. The Finish Line*, No. 14-CV-03339, LHK, 2014 WL 6982571, at * 4 (N.D. Cal. Dec. 9, 2014) ("District Courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy - such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation - when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

42.     Although Defendants deny Plaintiffs' allegations or that they or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the

---

[8] This equals an amount of $82,500.00.
[9] This equals the number of subsequent pay periods worked from April 14, 2015 through April 19, 2016.
[10] This equals an amount of $2,638,100.00.

1   aggregate amount in controversy for the putative class for all asserted claims, exclusive of

2   attorneys' fees, is approximately **$16,170,943.50**, calculated as follows:

3       &bull;   $768,687.00 - Hourly Wage Claim

4       &bull;   $1,153,030.50 - Overtime Wage Claim

5       &bull;   $2,720,600.00 - Wage Statement Claim

6       &bull;   $2,047,776.00 - Untimely Final Wages Claim

7       &bull;   $6,760,250.00 - Minimum Wage Penalties (Labor Code section 1197.1)

8       &bull;   $2,720,600.00 - Penalties Under Labor Code section 558

9       43.    The figures above do not take into account Plaintiffs' claims for unreimbursed

10  business expenses or attorneys' fees.

11      44.    The Complaint also seeks an award of attorneys' fees for four of its six causes of

12  action.  It is well established that in determining whether a complaint meets the amount in

13  controversy requirement, the court should consider attorneys' fees. *Bell v. Preferred Life*, 320

14  U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th

15  Cir. 1982) (attorneys' fees may be taken into account to determine jurisdiction amounts.)  Here,

16  the alleged damages and penalties amount to at least $17,839,517.50, not including the amount

17  sought for attorneys' fees.  In the class action context, courts have found that 25 percent of the

18  aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage

19  of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell*

20  *v. Vitran Exp., Inc.*, 471 F.App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included

21  in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57

22  (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826,

23  *27 (N.D. Cal. Apr. 1, 2011) (noting the 25% benchmark); *Cicero v. DirecTV, Inc.*, No. EDCV

24  07-1182, 2010 WL 2991486, *6 (C.D. Cal. July 27, 2010) (same); *see also In re Quintas*

25  *Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (noting that in the class action

26  settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).

27  Even under the conservative benchmark of 25 percent of the total recovery, attorneys' fees alone

28  would be upward of **$4,042,735.88** in this case.

45.     Accordingly, Plaintiffs' claims and the claims of the class they seek to represent establish that the amount in controversy exceeds $5,000,000.

**Venue**

46.     Venue lies in this Court because, as required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Eastern of California, which is the District Court embracing the place where the state court action has been filed.  Pursuant to Eastern District of California Local Rule 120(d), assignment to this division is proper because ". . . All civil actions and criminal actions and proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of California arising in . . . .Solano . . .counties shall be commenced in the United States District Court sitting in Sacramento, California. . ."

**Service of Notice of Removal**

47.     Notice of this removal will promptly be served on Plaintiffs and the Clerk of the Superior Court in and for the County of Solano.

48.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action, including the Summons and Complaint, at Exhibit A, are attached hereto.

49.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiffs' claims, causes of actions, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  Further, Defendants expressly reserve their right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

////

////

////

1    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court

2  of the State of California, County of Solano, to the United States District for the Eastern District

3  of California.

4  DATED:  May 27, 2016

5                                                STOEL RIVES LLP

6

7                                           By:___/s/ Anthony J. DeCristoforo_____
                                                ANTHONY J. DECRISTOFORO
8                                               BRYAN L. HAWKINS
                                                Attorneys for Defendants
9                                               TNG GP, a Delaware General Partnership;
                                                THE NEWS GROUP, INC., a Delaware
10                                              Corporation; SELECT MEDIA
                                                SERVICES, L.L.C., a Delaware Limited
11                                              Liability Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

C 1

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TNG GP, a Delaware General Partnership; THE NEWS GROUP, INC., a Delaware Corporation; SELECT MEDIA SERVICES, L.L.C., a Delaware Limited Liability Company, and, DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEANNETTE COOKS, an individual; and ALWENA FRAZIER, an individual; for themselves and on behalf of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ASSIGNED TO
JUDGE** MICHAEL MATTICE
**FOR ALL PURPOSES**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Solano County Superior Court

580 Texas Street
Fairfield, CA 94533

CASE NUMBER:
*(Número del Caso):* FCS046906

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeff Geraci, Esq., Cohelan Khoury & Singer, 605 C St., Ste. 200, San Diego, CA 92101; 619-595-3001

| DATE: APR 14 2016 | Clerk, by | G. ROBINS | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The News Group, Inc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 4/27/16

Page 1 of 1

Form Adopted for Mandatory Use

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
TNG GP, a Delaware General Partnership; THE NEWS GROUP, INC., a Delaware Corporation; SELECT MEDIA SERVICES, L.L.C., a Delaware Limited Liability Company, and, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JEANNETTE COOKS, an individual; and ALWENA FRAZIER, an individual; for themselves and on behalf of all others similarly situated

ASSIGNED TO
JUDGE MICHAEL MATTICE
FOR ALL PURPOSES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):  Solano County Superior Court

CASE NUMBER:
(Número del Caso):

FCS046900

580 Texas Street
Fairfield, CA 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jeff Geraci, Esq., Cohelan Khoury & Singer, 605 C St., Ste. 200, San Diego, CA 92101; 619-595-3001

DATE:      APR 14 2016
(Fecha)

Clerk, by          G. ROBINS          , Deputy
(Secretario)                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Select media Services, L.L.C., a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☒ other (specify): 415.95 Business organization form unknown
4. ☐ by personal delivery on (date): 5/27/16

Page 1 of 1

Form Adopted for Mandatory Use

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Jeff Geraci, Esq. (SBN 151519)<br>COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-595-3001     FAX NO.: 619-595-3000<br>ATTORNEY FOR *(Name):* Plaintiffs Jeannette Cooks and Alwena Frazier | FOR COURT USE ONLY<br><br>ENDORSED FILED<br>Clerk of the Superior Court<br><br>APR 1 4 2016<br><br>By   G. ROBINS<br>        DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME: Old Solano Courthouse

CASE NAME:
Cooks, et al. v. TNG GP, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>FCS046906 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE: MICHAEL MATTICE<br>DEPT: 10 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 13, 2016
Jeff Geraci, Esq.
_____
(TYPE OR PRINT NAME)                          ► _____
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

1  Michael D. Singer (SBN 115301)
2  Jeff Geraci (SBN 151519)
   **COHELAN KHOURY & SINGER**
3  605 C Street, Suite 200
   San Diego, California 92101
4  Telephone:  (619) 595-3001
   Facsimile:  (619) 595-3000
5

6  Olivia Sanders (SBN 208266)
   **LAW OFFICES OF OLIVIA SANDERS**
7  400 Corporate Pointe, Suite 560
   Culver City, California 90230
8  Telephone:  (310) 641-9001
   Facsimile:  (310) 641-9007
9

10  Catherine Starr, Esq. (SBN 183382)
   24325 Crenshaw Blvd., No. 211
11  Torrance, California 90505
   Telephone:  (310) 539-4806
12  Facsimile:  (310) 539-2454

13  Attorneys for Plaintiffs JEANNETTE COOKS, ALWENA FRAZIER,
   and the Proposed Class

**ENDORSED FILED**
Clerk of the Superior Court

APR 1 4 2016

By____G. ROBINS____
DEPUTY CLERK

ASSIGNED TO
JUDGE ___MICHAEL MATTICE___
FOR ALL PURPOSES

14

15             **SUPERIOR COURT OF CALIFORNIA**

              **FOR THE COUNTY OF SOLANO**

16  JEANNETTE COOKS, an individual; and  )  CASE NO. FCS046906
   ALWENA FRAZIER, an individual; for  )
17  themselves and on behalf of all others  )  **CLASS ACTION COMPLAINT**
   similarly situated  )
18                  )  1.  **Failure to Pay Hourly Wages (Labor**
                   )     **Code § 204; IWC Wage Order 7-2001)**
19         Plaintiffs,  )  2.  **Failure to Pay Overtime Wages (Labor**
                   )     **Code § 1194)**
20      v.             )  3.  **Failure to Reimburse for Business**
                   )     **Expenses (Labor Code § 2802)**
21  TNG GP, a Delaware General Partnership;  )  4.  **Failure to Provide Accurate Itemized**
   THE NEWS GROUP, INC., a Delaware  )     **Wage Statements (Labor Code § 226)**
22  Corporation; SELECT MEDIA SERVICES,  )  5.  **Failure to Timely Pay All Wages Due at**
   L.L.C., a Delaware Limited Liability  )     **Separation of Employment (Labor Code**
23  Company, and, DOES 1 through 10,  )     **§ 203)**
   inclusive,  )
24             Defendants  )  6.  **Violation of Unfair Competition Law**
                   )     **(Business & Professions Code § 17200, *et***
25                   )     ***seq.*)**
                   )
26                   )  **DEMAND FOR JURY TRIAL**
                   )
27                   )
                   )
28                   )

Plaintiffs JEANNETTE COOKS and ALWENA FRAZIER ("Plaintiffs"), on behalf of themselves and all others persons similarly situated, allege as follows:

## INTRODUCTION

1.    Plaintiffs are non-exempt merchandisers servicing major retail stores, and bring this class action against their employer, Defendants TNG GP, THE NEWS GROUP, INC., SELECT MEDIA SERVICES, L.L.C. ("Defendants" or "TNG"), for failure to pay for all hours worked resulting in failure to pay all hourly and overtime wages owed, failure to provide accurate itemized wage statements, failure to timely pay all wages to separated employees, and failure to reimburse for all business related expenses.

## JURISDICTION AND VENUE

2.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure, section 395. Defendants conduct business in Solano County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct effect on Plaintiffs and those similarly situated within the State of California and Solano County. Defendants employ numerous Class Members in Solano County. There is no federal question at issue, as the issues are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil Procedure, Civil Code, and Business and Professions Code.

3.    Business and Professions Code, section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code, section 17204 provides that any person, acting on his own behalf, may bring an action in a court of competent jurisdiction.

## PARTIES

4.    Plaintiff JEANETTE COOKS is a resident of the State of California employed by Defendants in Solano County as a non-exempt merchandiser.

5.    Plaintiff ALWENA FRAZIER is a resident of the State of California employed by Defendants in Solano County as a non-exempt merchandiser.

6.    Defendant TNG GP is a Delaware General Partnership engaged in business in Solano County. Defendant operates under the names TNG and/or Select Media Services throughout

1

Class Action Complaint

1 California, and appears to be the successor in interest to Defendant THE NEWS GROUP, INC.
2 During the class period, Defendant employed Plaintiffs and others as non-exempt merchandisers
3 within California and Solano County.

4       7.      Defendant THE NEWS GROUP, INC. is a Delaware Corporation engaged in business
5 in Solano County. Defendant operates under the names TNG and/or Select Media Services
6 throughout California. During the class period, Defendant employed Plaintiffs and others as non-
7 exempt merchandisers within California and Solano County.

8       8.      Defendant SELECT MEDIA SERVICES, L.L.C. is a Delaware Limited Liability
9 Company engaged in business in Solano County. Defendant operates under the names of TNG and/or
10 Select Media Services throughout California. During the class period, Defendant employed Plaintiffs
11 and others as non-exempt merchandisers within California and Solano County.

12       9.      Plaintiffs are unaware of the true names, capacities, relationships, and extent of
13 participation in the conduct alleged, of the Defendants sued as DOES 1 through 10, but are informed
14 and believe, and allege, these Defendants are legally responsible for the wrongful conduct alleged,
15 and sue these Defendants by fictitious names. Plaintiffs will amend this complaint when their true
16 names and capacities are ascertained. (Named and DOE Defendants are referred to collectively as
17 "Defendant" or "TNG.")

18       10.      Plaintiffs are informed and believe, and allege, each Defendant, directly or indirectly, or
19 through agents, employed Plaintiffs and other members of the class, and exercised control over their
20 wages, hours, and working conditions. Plaintiffs are informed and believe, for purposes of this action,
21 each Defendant acted as the agent of the other Defendants, carried out a joint scheme, plan or policy,
22 and the acts of each Defendant are legally attributable to the other Defendants.

23 **GENERAL ALLEGATIONS**

24       11.      During all, or a portion, of the Class Period, Plaintiffs and each member of the Plaintiff
25 Class were employed by Defendants in the State of California.

26       12.      At all relevant times, Defendants did, and do, provide merchandising services to major
27 retailers in California, such as Best Buy, CVS, Target, and Wal-Mart, using employees like Plaintiffs
28 to deliver and display magazines and other products.

2

13.     Plaintiffs and each class member were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including 7-2001 ("Wage Orders"), and Labor Code sections, and/or other applicable wage orders, regulations and statutes, which imposed an obligation on Defendants to 1) pay Plaintiffs and class members for all hours worked, including overtime compensation for all hours worked over eight (8) hours in one day or forty (40) hours in one week; 2) provide accurate, itemized wage statements; and 3) pay all wages owed to terminated class members.

14.     Defendants communicate with merchandisers by email and cell phone to provide assignments. This is done while merchandisers are not clocked-in and they are not paid for this time. TNG requires merchandisers, while they are not clocked-in, to complete "surveys" about stores they have serviced, and email them to TNG. Merchandisers are required to use cell phones to take photographs of the areas they are responsible for inside a store. Merchandisers are not reimbursed for required use of their computers or cell phones.

15.     Defendants require merchandisers to clock out from work when leaving one store, drive to another store, and clock back in at the next store. TNG does not pay merchandisers for drive time between stores.

16.     Defendants' policies result in underpayment of wages by not compensating merchandisers for all time spent receiving and communicating about assignments, driving between assigned stores, and completing surveys. Defendants' policies also do not reimburse reasonable and necessary business expenses because they require merchandisers to: drive between assigned stores without reimbursement; and use their own cell phones and/or computers to receive and communicate about assignments; complete surveys about assignments; and take photographs of areas of stores they service. As a result of the underpayment of wages, merchandisers are not paid all wages due upon termination or resignation, and are not provided accurate, itemized wage statements.

## CLASS ACTION ALLEGATIONS

17.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to California Code of Civil Procedure section 382. Plaintiffs seek to represent a Class composed of and defined as follows:

All current and former non-exempt employees who worked for Defendants in the State of California as merchandisers at any time beginning four years prior to the filing of this Complaint.

18.   Plaintiffs bring this action on behalf of themselves and all other similarly situated persons in Subclasses of the Plaintiff Class, defined as:

A.   **Off-The-Clock Subclass:** All members of the proposed Class who were required to perform work off-the-clock, including but not limited to, communicating with Defendants by email and phone to receive and respond to assignments, completing surveys, and driving between assignments, while clocked-out;

B.   **Expense Reimbursement Subclass:** All members of the proposed Class who used their personal electronic devices, such as cell phones and computers, and their personal vehicles in the performance of their job duties, but were not reimbursed for that use;

C.   **Wage Statement Subclass:** All members of the proposed Class who, within one year of the filing of the Complaint, were subject to a practice of failing to include all hours worked and wages earned;

D.   **Waiting Time Subclass:** All members of the proposed Class who, within three years of the filing of the Complaint, were not timely paid all wages due at the time of their separation from employment;

E.   **UCL Subclass:** All members of the proposed Class who suffered damages as a result of being subject to Defendants' pay practices relating to failure to pay all hourly and overtime wages, reimburse all business related expenses, and timely pay all wages at separation.

19.   Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

20.   This action has been brought and may be properly maintained as a class action under the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

21.   <u>Numerosity.</u> The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class members is unknown to

4

Class Action Complaint

1    Plaintiffs at this time, Plaintiffs are informed and believe, and based thereon allege, that there are

2    more than 100 Class members, who, at all relevant times, were employed in the State of California.

3         22.    Commonality. There are questions of law and fact common to the Class that

4    predominate over any questions affecting only individual Class Members, including:

5              a.    Whether Defendants violate Labor Code section 1194 and Wage Order 7-

6                    2001(4) by failing to pay hourly and overtime wages owed for all hours worked;

7              b.    Whether Defendants violate Labor Code sections 201 and/or 202 by not timely

8                    paying Class Members all earned wages at separation, including all unpaid

9                    hourly and overtime wages, due under Labor Code section 1194 and IWC Wage

10                   Order 7-2001. If so, whether such violations were "willful" within the meaning

11                   of Labor Code section 203;

12             c.    Whether Defendants violate Labor Code section 2802 by failing to reimburse for

13                   all business expenses;

14             d.    Whether Defendants breach the employment contract by failing to reimburse for

15                   all business related expenses;

16             e.    Whether Defendants violate the Unfair Competition Law, Business &

17                   Professions Code, section 17200, *et seq.*, by engaging in the conduct alleged in

18                   this complaint;

19             f.    The effects and the extent of any injuries sustained by the Plaintiff Class and

20                   Plaintiff Subclass members and appropriate type and/or measure of damages;

21             g.    The amount of restitution owed by Defendants attributable to violation of the

22                   Unfair Competition Law by failure to pay all hourly and overtime wages, and

23                   failure to reimburse for all business expenses and other wage violations;

24             h.    Whether Defendants violate California Labor Code sections 558 and/or 1197;

25             i.    Nature and extent of relief to each Plaintiff Class and Subclass member; and

26             j.    The extent of liability of each Defendant, including DOE Defendants, to each

27                   Plaintiff Class and Subclass member.

28

5

1   23.   Typicality.   Plaintiffs held the same position, performed the same duties, and had the

2   same responsibilities as the other Class members. Plaintiffs' claims are typical of the claims of the

3   other members of the Class. Plaintiffs and other members of the Class were subject to the same policy

4   and practice of routinely working unpaid hours, as well as using their personal electronic devices in

5   the course of their employment without reimbursement, and not receiving accurate itemized wage

6   statements.

7   24.   Adequacy.   Plaintiffs will adequately and fairly protect the interests of the members of

8   the Class. Plaintiffs have no interest adverse to the interests of absent Class members. Plaintiffs are

9   represented by attorneys with substantial wage-and-hour and class action law experience.

10   25.   Superiority.   A class action is superior to other available means for fair and efficient

11   adjudication of the claims of the Class and would be beneficial for the parties and the Court. Class

12   action treatment will allow a large number of similarly situated persons to prosecute their common

13   claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of

14   effort and expense numerous individual actions would require. The damages suffered by each Class

15   member are relatively small in the sense pertinent to class action analysis, and the expense and burden

16   of individual litigation would make it extremely difficult or impossible for individual Class members

17   to seek and obtain individual relief. A class action will serve an important public interest by

18   permitting such individuals to effectively pursue recovery of sums owed them. Class litigation also

19   prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

20   **FIRST CAUSE OF ACTION**
**Failure to Pay Hourly Wages**

21   **(Plaintiffs and the Off-the-Clock Subclass against each Defendant)**

22   26.   The preceding paragraphs are incorporated.

23   27.   By failing to pay employees for all time communicating with Defendants by email and

24   phone to receive and respond to assignments, completing surveys, and driving between assignments,

25   Defendants willfully breached the agreement to pay regular wages, violating the provisions of Labor

26   Code sections 204, and Wage Order 7-2001.

27   28.   As a result of Defendants' unlawful acts, Plaintiffs and the Class they seek to represent

28   have been deprived of regular wages and/or other compensation in amounts to be determined at trial,

6

Class Action Complaint

1   and are entitled to recovery of such amounts, plus interest, attorneys' fees, and costs.

2   **SECOND CAUSE OF ACTION**<br>**Failure to Pay Overtime Wages**

3   **(Plaintiffs and the Off-the-Clock Subclass against each Defendant)**

4   29.   The preceding paragraphs are incorporated.

5   30.   By failing to compensate merchandisers for all time communicating with Defendants by

6   email and phone to receive and respond to assignments, completing surveys, and driving between

7   assignments at the overtime rate of pay for shifts that exceed eight (8) hours in a day and/or forty (40)

8   in a week and the double-time rate of pay for shifts that exceed twelve (12) hours in a day,

9   Defendants failed to pay overtime wages, and willfully violated the provisions of Labor Code

10   sections 510 and 1194, and IWC Wage Order 7-2001.

11   31.   As a result of Defendants' unlawful acts, Plaintiffs and class members sustained

12   damages, including loss of compensation for overtime worked in amounts to be determined at trial,

13   plus interest, and attorneys' fees and costs.

14   **THIRD CAUSE OF ACTION**<br>**Failure to Reimburse for Business Expenses**

15   **(Plaintiffs and the Expense Reimbursement Subclass against each Defendant)**

16   32.   The preceding paragraphs are incorporated.

17   33.   Plaintiffs and the members of the class they seek to represent incurred expenses in the

18   performance of their job duties, including the use of personal cell phones, computers, and vehicles.

19   Plaintiffs were not reimbursed for incurring these necessary and reasonable business expenses.

20   34.   Defendants had a policy of regularly and consistently refusing to fully reimburse

21   Plaintiffs and other similarly situated Class members for such expenses, in violation of California

22   Labor Code section 2802.

23   35.   As a result of Defendants' unlawful acts, Plaintiffs and class members sustained

24   damages, including loss of expense reimbursements, in amounts to be determined at trial, plus

25   interest, and attorneys' fees and costs.

26   ///

27   ///

28   ///

7
Class Action Complaint

## FOURTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
(Plaintiffs and the Wage Statement Subclass against each Defendant)

36.     The preceding paragraphs are incorporated.

37.     Labor Code section 226, subdivision (a) requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked and wages earned by Plaintiffs and members of the Plaintiff Class. Defendants knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a) on each and every wage statement been provided to Plaintiffs and members of the Plaintiff Class.

38.     Such violations caused injury to Plaintiffs and the Wage Statement Subclass by, among other things, impeding them from knowing the amount of hours they had worked and the wages to which they are and were lawfully entitled, and under-reporting wages due and owing.

39.     Plaintiffs and Wage Statement Subclass members are entitled to seek injunctive relief requiring Defendants to comply with Labor Code section 226(a), and further seek the amount provided under Labor Code section 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, to a maximum of $4,000 per employee.

## FIFTH CAUSE OF ACTION
### Failure to Timely Pay All Wages Due At Separation of Employment
(Waiting Time Subclass against each Defendant)

40.     The preceding paragraphs are incorporated.

41.     Labor Code section 203 requires an employer who willfully fails to timely pay an employee's wages at separation, to continue to pay the employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

42.     All Waiting Time Claim Subclass members who ceased employment with Defendants are entitled to unpaid compensation related to hourly and overtime wages, but to date have not received such compensation.

43.     All Waiting Time Claim Subclass members also were not timely paid wages at separation because Defendants failed to pay all wages owed at separation.

44.     More than thirty days have passed since members of the Waiting Time Subclass left

8

Class Action Complaint

1   Defendants' employment.

2   45.   As a result of Defendants' willful failure to pay wages owed, members of the Waiting

3   Time Subclass are entitled to up to thirty days' wages as a penalty under Labor Code section 203, in

4   amounts to be determined at trial, plus interest, and attorneys' fees and costs.

5   **SIXTH CAUSE OF ACTION**
    **Violation of the Unfair Competition Law**
6   **(Plaintiffs and the UCL Subclass against each Defendant)**

7   46.   The preceding paragraphs are incorporated.

8   47.   Defendants' failure to pay hourly and overtime wages, reimburse for all business

9   expenses under Labor Code section 2802, and timely pay all wages at termination constitutes

10  unlawful activities, acts and practices prohibited by Business and Professions Code sections 17200, *et*

11  *seq*. Defendants' acts above constitute false, unfair, fraudulent and deceptive business practices,

12  within the meaning of Business and Professions Code sections 17200, *et seq*. Defendants have

13  violated multiple provisions of California law and applicable regulations and Orders of the IWC that

14  have the same force and effect of law. This includes, without limitation California Labor Code

15  Sections 201-203, 1194, and 2802, which serve as statutory predicates for which restitution is owed

16  by Defendants, as well as Wage Order 7-2001, and applicable regulations of the California Code of

17  Regulations.

18  48.   Plaintiffs are entitled to restitution and other equitable relief against such unlawful

19  practices in order to prevent future damage, for which there is no adequate remedy at law, and to

20  avoid a multiplicity of lawsuits.

21  49.   As a result of these unlawful acts, Defendants have reaped and continue to reap unfair

22  benefits and illegal profits at the expense of Plaintiffs, the proposed Class, and the proposed

23  Subclasses they seek to represent. Defendants should make restitution for these ill-gotten gains to

24  restore to Plaintiffs and members of the UCL Subclass, wrongfully unpaid wages and expense

25  reimbursements pursuant to Business and Professions Code section 17203 and for penalties under

26  Business and Professions Code section 17202.

27  50.   Plaintiffs are informed and believe, and allege, Defendants are unjustly enriched through

28  the acts described above, and that they and the proposed Class have and continue to suffer irreparable

9

Class Action Complaint

1   prejudice by Defendants' unfair practices. By engaging in such activities, Defendants are illegally

2   operating at an advantage to other law abiding employers in California and underpaying payroll and

3   other applicable taxes collected by State and local governmental entities.

4       51.    The illegal conduct alleged is continuing and there is no indication Defendants will not

5   continue such activity. Plaintiffs allege Defendants will continue to fail to pay for all hours worked,

6   fail to reimburse for expenses, and fail to pay all wages due at separation, and fail to pay and avoid

7   paying appropriate taxes, insurance, and unemployment withholdings.

8                                   **PRAYER**

9       Plaintiffs, on behalf of themselves and all members of the proposed Plaintiff Class and

10  Subclasses they seek to represent, pray for relief and judgment against Defendants as follows:

11      A.    Certification of this action as a class action;

12      B.    Appointment of Plaintiffs as Class Representatives;

13      C.    Appointment of Plaintiffs' attorneys as Class Counsel;

14      D.    All unpaid hourly wages;

15      E.    All unpaid overtime wages;

16      F.    All reimbursement of business expenses incurred;

17      G.    All waiting time penalties under Labor Code sections 201-203;

18      H.    All liquidated damages in the amount equal to wages unlawfully unpaid and interest

19  under Labor Code section 1194.2;

20      I.    Penalties, restitution, and liquidated damages under Labor Code section 1197.1;

21      J.    Penalties pursuant to Labor Code section 558;

22      K.    All appropriate state statutory penalties;

23      L.    Pre-Judgment and Post-Judgment interest, as provided by law;

24      M.    Attorneys' fees and costs of suit, including expert fees and fees pursuant to, among other

25  authority, California Labor Code sections 218.5, 226, 1021.5, 1194, 2802, and all other applicable

26  state laws;

27      N.    For an order that Defendants make restitution to Plaintiffs and the Class due to their

28  unlawful business practices, including unlawfully withheld compensation and reimbursement of

                                   10

1   business expenses pursuant to Business and Professions Code sections 17203 and 17204; and

2       O.      Such other relief as this Court deems necessary, just, equitable and proper.

3                                       COHELAN KHOURY & SINGER
                                        LAW OFFICES OF OLIVIA SANDERS
4                                       CATHERINE STARR, ESQ.

5

6   Dated: April 13, 2016              By:_____
7                                           Michael D. Singer
                                            Jeff Geraci
8                                       Counsel for Plaintiffs JEANNETTE COOKS, ALWENA
                                        FRAZIER, and the Proposed Class
9

10                          **DEMAND FOR JURY TRIAL**

11      Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

12

13                                      COHELAN KHOURY & SINGER
                                        LAW OFFICES OF OLIVIA SANDERS
14                                      CATHERINE STARR, ESQ.

15

16  Dated: April 13, 2016              By:_____
17                                          Michael D. Singer
                                            Jeff Geraci
18                                      Counsel for Plaintiffs JEANNETTE COOKS, ALWENA
                                        FRAZIER, and the Proposed Class
19

20

21

22

23

24

25

26

27

28

                                        11
                                Class Action Complaint



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

Plaintiff(s):   JEANNETTE COOKS, ET AL.

Case No.  FCS046906

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

Defendant(s):   TNG GP, A DELAWARE GENERAL PARTNERSHIP,
ET AL.

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

Date:  AUGUST 4, 2016                Time:  9:00 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:  Judge Michael C. Mattice
Department 10

ALL HEARINGS WILL BE HELD AT:   580 Texas Street, Fairfield, CA 94533

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

(1)   Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2)   Service and filing of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616. *Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.*

(3)   Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with the complaint.

(4)   Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference One* on each cross-defendant with the cross-complaint.

(5)   Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

(6)   A *Case Management Statement* shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

(7)   At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

(8)  At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9)  Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

(11) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

**COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION**

### AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑   I personally served the person named below on (*date*): _____ 4/14/2016 _____ at

(*time*) _____ 12:06PM _____

Name: _____Alan Olandieta_____   ACE ATTORNEY

☐ Party     ☐ Attorney of Record     ☑ Representative

I, _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes*.

Date: _____4/14/2016_____   Signature _____

☐   I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date: 4/14/2016

Clerk of the Court
Superior Court of California, County of Solano

By: _____   Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

0900-CV  REV. 09-26-2014                                                                                       Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

PLAINTIFF: JEANNETTE COOKS, ET AL.

DEFENDANT: TNG GP, ET AL.

CASE NO. FCS046906

CLERK'S APPLICATION
AND ORDER

I, the undersigned, employed as a Legal Process Clerk for the above-entitled court, apply for an order as follows:

☐ vacating default described below.
☐ vacating judgment described below.
☐ vacating answer and/or other responsive pleading described below.
☒ complex case determination pursuant to CRC 3.403
☐ other.

Document: CIVIL CASE COVER SHEET

Date filed: 4/14/16

Reason: Item #2 of Civil Case Cover Sheet is marked "Is" complex.

**FILED**
Clerk of the Superior Court

APR 2 0 2016

By _____
DEPUTY CLERK

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 4/14/16, at Fairfield, California.

By: _____
Deputy Clerk

## ORDER

Upon consideration of the clerk's application and review of the court file:

**IT IS ORDERED:**

☐ The default(s) of the defendant(s) named in the clerk's application is (are) vacated.

☐ The judgment entered on _____ is vacated.

☐ The answer and/or other responsive pleading is vacated.

☒ Case is determined to be complex (CRC 3.403) ☐ Case is determined not to be complex (CRC 3.403).

☒ Complex Case fees of $1,000.00 due per defendant within 10 days of the mailing of this order.

☐ Set for complex case determination hearing on _____ at _____ in Dept _____.

☐ Other: _____

Dated: 4/18/16 _____

_____
JUDGE

**CLERK'S APPLICATION AND ORDER**

Form #1050  5/31/13

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SOLANO

[X]  580 Texas Street, Fairfield, CA  94533   [ ]  600 Union Avenue, Fairfield, CA  94533

CERTIFICATE  AND AFFIDAVIT OF MAILING                    CASE NO: FCS046906

I, the undersigned, certify under penalty of perjury that I am employed as a
deputy clerk of the above-entitled court and am not a party to the within-entitled
action; that I served the attached document:

CLERK'S APPLICATION AND ORDER

By causing to be placed a true copy thereof in an envelope which was then
sealed and postage fully prepaid on the date shown below; that I am readily
familiar with the business practice for collection and processing of
correspondence for mailing with the United States Postal Service; that the above
stated document will be deposited in the Superior Court of California, County of
Solano's outgoing mailbox for collection by county mail carriers on the date
indicated.  Said envelope was addressed to the attorneys for the parties, or the
parties, as shown below:

JEFF GERACI, SBN 151519.
COHELAN KHOURY & SINGER
605 C STREET, SUITE 200
SAN DIEGO, CA 92101


Dated:  4/20/16                          By: ------------------------------------------------
                                                          Deputy Clerk




**-CERTIFICATE AND AFFIDAVIT OF MAILING**